**KIMBALL JONES, ESQ.**
Nevada Bar No.: 12982
**JOSHUA P. BERRETT, ESQ.**
Nevada Bar No.: 12697
**BIGHORN LAW**
3675 W. Cheyenne Ave., Suite 100
North Las Vegas, Nevada 89032
Phone: (702) 333-1111
Email: Josh@BighornLaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD KLINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>YESCO, LLC, a Foreign Limited-Liability Company; DOES I-X, inclusive; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | CASE NO: 2:24-cv-00750- JAD-DJA<br><br>**JOINT STIPULATION AND ORDER TO EXTEND CASE MANAGEMENT DEADLINES**<br>**(FOURTH REQUEST)** |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff, RICHARD KLINE ("Plaintiff"), and Defendant, YESCO, LLC ("Defendant"), (collectively, the "Parties"), by and through their undersigned counsel of record, as to the extension of all pending deadlines for sixty (60) days in this matter to allow for necessary discovery. The Parties met and conferred via telephonic conference in good faith pursuant to LR IA 1-3(f) and agreed to the following continuance of deadlines in this matter in lieu of a Joint Motion to Extend Discovery Deadlines. This is the Parties' fourth stipulation for extension of discovery.

**I.     DISCOVERY COMPLETED TO DATE**

The Parties have participated in the following discovery to date:

1. The Parties met and conferred and timely filed a Joint Status Report Regarding Removed Action including the date certain indicated for their FRCP 26(a)(1) Conference;
2. The Parties appeared for their FRCP 26(a)(1) Conference and timely exchanged disclosure statements thereafter;
3. Plaintiff's FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits and seven (7) supplements thereto;
4. Defendant's FRCP 26(a)(1) Initial Disclosures of Witnesses and Documents and five (5) supplements thereto;
5. Plaintiff propounded written discovery;
6. Defendant responded to Plaintiff's request for written discovery;
7. Plaintiffs have identified several depositions of Defendant witnesses and the parties have exchanged proposed dates for those depositions;
8. Defendant propounded written discovery on Plaintiff;
9. Plaintiff has responded to Defendant's written discovery;
10. A site inspection of Defendant's subject property has been conducted;
11. All parties have disclosed retained experts.

II. **DISCOVERY REMAINING TO BE COMPLETED**

The Parties plan to complete the following discovery:

1. Deposition of Plaintiff;
2. Deposition of Defendant's 30(b)(6) representative;
3. Depositions of percipient witnesses;
4. Depositions of the Plaintiff's treating physicians and/or retained experts;
5. Depositions of the Defendant's retained experts;
6. Depositions of the Plaintiff's retained experts;
7. Supplemental FRCP 26 disclosures;

8. Additional written discovery and/or subpoena duces tecum of records from necessary providers;

9. Any additional discovery that is necessary as the Parties proceed through discovery.

### III. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, the parties seek this extension solely for the purpose of allowing sufficient time to conduct discovery. This is the Parties' fourth stipulation for extension of discovery.

The parties have been diligent in moving the case forward: participating in a reasonable amount of discovery, including exchanging their initial lists of witnesses and documents; producing supplemental documents and witnesses from both sides; propounding written discovery requests and preparing responses thereto; and records procurement. The parties have recently participated in Mediation, but were unable to resolve the matter.

The Parties are actively working to schedule depositions of Plaintiff, Defendant's 30(b)(6) Representative, and retained experts.

Record Collection: Plaintiff has had an extensive history of injuries to his neck, back, and legs, which directly impacts his allegations of back injury in this case. Additional records have been request, obtained, and produced. However, there are additional records that have been requested but have not yet been obtained.

Expert witnesses' depositions: Expert witness depositions are expected to be completed after the disclosure of expert witnesses pursuant to this Court's order. The Parties have retained multiple expert witnesses. The parties are working now to obtain the dates necessary for completion of expert witness depositions.

Possible supplemental discovery: More supplemental discovery may be required depending on the answers to Plaintiff's discovery responses, including but not limited to his

deposition testimony. This may also include the identification and deposition of fact witnesses. Moreover, the extension will allow the parties to do any necessary follow up discovery after responses to initial rounds of written discovery are served, deposing later-identified witnesses and experts, and obtaining any additional medical records.

### IV. GOOD CAUSE EXISTS FOR A DISCOVERY EXTENSION

The parties have been diligently conducting discovery in this matter, as evidenced by the prompt exchange of written discovery, the scheduling of independent medical examinations, the cooperation with respect to written discovery, and the scheduling of depositions.

The primary reason for seeking this extension is the difficulty in obtaining retained expert depositions, Plaintiff's deposition and Defendant's 30(b)(6) Representative's deposition by the August 11, 2025 deadline. Seeking such an extension at this time is necessary and prudent, in order to ensure that such a request is made in advance of the deadline.

In light of the above, the Parties have agreed to extend the current discovery deadlines approximately 60 days. This additional time will permit the Parties to accomplish the above tasks in sufficient time, as well as potentially resolve this matter without additional litigation and court involvement. All Parties are in agreement with the proposed extension. As such, neither party is prejudiced by the additional time necessary for the time to complete expert witness depositions. Counsel for the parties have been diligently working together to prepare this stipulation and obtain an extension of the current discovery and litigation deadlines.

All of the aforementioned circumstances constitute good cause to extend the remaining discovery deadlines, and the parties jointly in good faith request this Court enter an Order extending the discovery deadlines in accordance with their stipulation.

### V. PROPOSED DISCOVERY PLAN

A. Summary of Proposed Changes

The parties hereby stipulate to continue the discovery deadlines and dispositive motion approximately 60 days, which the parties estimate to be necessary for the discovery listed above. …

|  | **Present Date** | **Proposed New Date** |
|---|---|---|
| Initial expert disclosure for all parties: | 04/15/2025 | closed |
| Rebuttal expert disclosure for all parties: | 07/14/2025 | 09/12/2025 |
| Discovery cutoff: | 08/11/2025 | 10/10/2025 |
| Dispositive motions: | 09/08/2025 | 11/07/2025 |
| Joint proposed pretrial order: | 10/10/2025 | 12/09/2025 |

B. <u>Discovery Cut-Off Date</u>: October 10, 2025

C. <u>Dispositive Motions</u>: Dispositive motions may be filed no later than November 7, 2025, which is twenty-eight (28) days from the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Stipulation and Order to Extend Discovery Deadlines and Scheduling Order (Fourth Request), the date for filing dispositive motions shall likewise be extended, to be no later than thirty (30) days from the subsequent discovery cut-off date.

D. <u>Pretrial Order</u>: The pretrial order shall be filed by December 9, 2025, or 30 days after resolution of dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court.

DATED this 9th day of June, 2025.          DATED this 9th day of June, 2025.

**BIGHORN LAW**                              **DENNETT WINSPEAR, LLP**

 /s/Joshua P. Berrett                        /s/ Ryan L. Dennett
KIMBALL JONES, ESQ.                         RYAN L. DENNETT, ESQ.
Nevada Bar No. 12982                        Nevada Bar No. 5617
JOSHUA P. BERRETT, ESQ.                     MATTHEW J. WAGNER, ESQ.
Nevada Bar No. 12697                        Nevada Bar No. 11311
3675 W. Cheyenne Ave., Suite 100 North      3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89032                     Las Vegas, Nevada 89129
and                                         *Attorneys for Defendant*
BRICE J. CRAFTON, ESQ.
Nevada Bar No. 10558
810 E. Charleston Blvd.
Las Vegas, NV 89104
*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 6/10/2025