**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Richard Kline,

Plaintiff

v.

Yesco, LLC,

Defendant

Case No.: 2:24-cv-00750-JAD-DJA

**Order Granting in Part Plaintiff's Motion for Partial Summary Judgment on Damages**

[ECF No. 30]

Richard Kline was conducting HVAC work on Yesco LLC's roof when he fell through a skylight and onto a table inside the building, so he sues Yesco for negligence. Kline now moves for partial summary judgment on the damages element of his claim, arguing that there is no genuine dispute of material fact about his prior and future medical damages or loss of earnings. Yesco does not dispute Kline's prior medical damages, prior loss of earnings, or future loss of earnings. But the company contends that genuine issues of material fact remain regarding the reasonableness and medical necessity of Kline's future medical damages.

There is no dispute about Kline's prior medical costs or prior and future loss of earnings, so I grant partial summary judgment on those damages. But because the reasonableness of Kline's future medical expenses is a question for the jury, I deny his motion for summary judgment on that issue.

## Discussion

### A. Summary-judgment standard

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[1] Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[3] If the moving party satisfies its burden, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[4] When the party moving for summary judgment would bear the burden of proof at trial, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[5]

### B. Summary judgment is appropriate on Kline's past medical damages, past loss of earnings, and future loss of earnings.

Kline moves for partial summary judgment on the damages element of his negligence claim only.[6] He argues that there is no genuine issue of material fact on his past and future medical damages or on his past and future loss of earnings. Yesco concedes three of the four

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[2] *See id.* at 322 (citing Fed. R. Civ. P. 56(c)).

[3] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[4] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

[5] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)) (citation and quotation marks omitted).

[6] ECF No. 30 at 10.

damages baselines: Kline's past medical expenses ($703,503.17), past loss of earnings ($202,940.00), and future loss of earnings ($234,338.00).[7] And the parties agree that these setpoints can be adjusted by the jury.[8] Because the parties don't dispute these calculations, I grant summary judgment in Kline's favor on his prior medical expenses and loss-of-earnings damages.

**C. Kline isn't entitled to summary judgment on his future medical damages.**

Kline also seeks summary judgment on part of his estimated future medical expenses. Dr. David Oliveri, Kline's medical and lifecare-planning expert, developed a lifecare plan totaling about $1.2 million.[9] Kline admits that the parties dispute part of the plan but contends that Dr. Oliveri's recommendation for "'home care' in the form of 'personal-care attendant'" is undisputed.[10] Kline argues that Yesco's medical expert "refused to opine on whether a personal attendant was necessary," so Dr. Oliveri's opinion requiring an attendant has "gone uncontested."[11] He concludes that Yesco's failure to provide a rebuttal expert opinion on the personal-care-attendant cost warrants summary judgment on this expense.[12]

Yesco responds that its expert, Dr. Michael McKenna, stated only that the necessity of a personal-care attendant is "outside his scope of practice."[13] He did not concede "that a personal-

---

[7] ECF No. 31 at 2.

[8] *Id.*; ECF No. 32 at 3; *see Perez v. Cent. Or. Truck Co.*, 2010 WL 5055937, at *4 (D. Nev. Dec. 3, 2010) (finding that, even if the court grants summary judgment on a negligence element, a defendant may argue comparative negligence to reduce the jury's award of damages (citing Nev. Rev. Stat. § 41.141)).

[9] ECF No. 30 at 7; *see* ECF No. 30-2.

[10] ECF No. 30 at 7 (cleaned up).

[11] *Id.* at 8.

[12] *Id.* at 8, 12.

[13] ECF No. 31 at 6.

care attendant is necessary or reasonable."[14] The company also argues that deposition testimony demonstrates genuine issues of material fact regarding the need for a personal-care attendant. It quotes Kline's deposition testimony—"I feel like I'm 50 percent now"; "It[] . . . takes me an hour to shave, it takes me an hour to take a shower"; "I'm able to drive . . . I don't do long trips"; "I go to the grocery store"—to argue that Kline "has become more independent as time has passed."[15] Citing Dr. Oliveri's deposition testimony, the company contends that Kline's "potential need for a personal-care attendant" depends on his independence levels and whether his autonomy increases or decreases by trial.[16] And it explains that even though Dr. Oliveri estimated the cost of a personal-care attendant beginning in 2024, Kline has yet to begin home care.[17] An expense that is "neither static nor definitive,"[18] Yesco argues, must be decided by the jury.

Kline lacks any authority supporting his position that the absence of a rebuttal expert warrants summary judgment on this issue. In *Sanchez v. Albertson's LLC*, I considered plaintiff's summary judgment argument that "once a plaintiff in a negligence case presents an expert opinion about causation and damages," the defendant must respond with a rebuttal

---

[14] *Id.* (cleaned up).

[15] *Id.* at 4–5.

[16] *Id.* at 5–6 (cleaned up); ECF No. 31-2 at 58:23–59:19 (Dr. Olivieri agreeing that requiring a personal-care attendant is "premised on that Mr. Kline will never be independent again" and that Kline's "needs could change should he become more independent"). Kline responds that Yesco misrepresents Dr. Oliveri's deposition testimony. ECF No. 32 at 4–5. He says that Dr. Oliveri was "answering an incomplete hypothetical about how his opinion would change if Plaintiff miraculously healed." *Id.* at 4. But this disagreement over Dr. Oliveri's opinion shows that there are disputed facts that should go to a jury.

[17] ECF No. 31 at 5–6.

[18] *Id.* at 6.

expert.[19] Sanchez had argued that he was "entitled to partial summary judgment" on damages because the store had "no expert to rebut" the medical treatment he received.[20] But the defendant disputed the authenticity of Sanchez's medical records and argued that "'there [wa]s conflicting evidence' about the remaining elements of [his] negligence claim,"[21] requiring a reasonableness assessment that was best left for the jury.[22] So I found plaintiff's conclusory argument on rebuttal experts unpersuasive and denied partial summary judgment.[23]

As in *Sanchez*, Kline's unrebutted expert opinion on future medical damages does not establish an absence of genuinely disputed material facts. Because Kline bears the burden of showing damages at trial, he must have uncontroverted evidence of future medical expenses at the summary-judgment phase that would entitle him to a directed verdict. But Kline cites no cases holding that a defendant's failure to respond to an expert opinion with rebuttal testimony entitles a plaintiff to summary judgment on damages.[24] And even if he had met his burden initially, Yesco points to specific facts—including deposition testimony calling into question the reasonableness and necessity of a personal-care attendant—that create a genuine issue for trial.

---

[19] *Sanchez v. Albertson's LLC*, 2022 WL 2982926, at *4 (D. Nev. July 27, 2022).

[20] *Id.* at *3.

[21] *Id.* (cleaned up).

[22] *Id.*

[23] *Id.* at *4.

[24] Because a plaintiff bears the damages burden at trial, he—not the defendant—must have evidence of future medical damages to avoid summary judgment. *See, e.g*, *Hendrix v. Progressive Direct Ins. Co.*, 2023 WL 2610167, at *3 (D. Nev. Mar. 22, 2023) (granting summary judgment for defendant because plaintiff provided no expert testimony on the reasonable probability of future medical damages); *Morgan v. Best Buy Co.*, 2017 WL 5615438, at *2 (D. Nev. Nov. 20, 2017) (holding that because plaintiff "provides no expert to prove future damages" defendant is entitled to summary judgment); *McPeek v. Harrah's Imperial Palace Corp.*, 2015 WL 5286794, at *5 (D. Nev. Sept. 9, 2015) (granting summary judgment for defendant on future medical damages because plaintiff "did not designate any of [his] physicians as an expert and future damages are beyond the scope of the treatment they provided").

Dr. Oliveri's lifecare plan requires a reasonableness assessment, and the Nevada Supreme Court has long recognized that, "[g]enerally, 'quantities of damages are determined by the jury.'"[25] Because a genuine issue of material fact exists as to the reasonableness and necessity of a personal-care attendant, I deny partial summary judgment on Kline's future medical damages.

**Conclusion**

IT IS THEREFORE ORDERED that Kline's motion for partial summary judgment **[ECF No. 30] is GRANTED IN PART.** I grant Kline's motion on his prior medical expenses ($703,503.17), prior loss of earnings ($202,940.00), and future loss of earnings ($234,338.00), which will be deemed established for the purpose of trial. But Kline's motion for summary judgment for future medical expenses ($1,092,000.00) is denied.

IT IS FURTHER ORDERED that **this case is REFERRED to the magistrate judge for a mandatory settlement conference. The parties' obligation to file a joint pretrial order is STAYED** until 10 days after that settlement conference.

U.S. District Judge Jennifer A. Dorsey
September 8, 2026

[25] *Albios v. Horizon Comty's, Inc.*, 132 P.3d 1022, 1034 (Nev. 2006) (quoting *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 547 (Nev. 2005)).